May Term,
1851.

PRUITT
v.
THE SHELBY-
VILLE LATERAL
BRANCH RAIL-
ROAD COM-
PANY.

(1) See 1 Carter's Ind. R. 72.

---

PRUITT and Others *v.* THE SHELBYVILLE LATERAL BRANCH RAILROAD COMPANY.

The statute of 1836 prescribing the mode by which damages shall be obtained for injury done by chartered companies running their roads through the aggrieved party's land, makes the award of the appraisers final, unless an appeal is taken within 30 days after the award is made; and such appeal must be governed by the same rules and regulations as appeals from judgments from justices of the peace, except that no bond is required of the state when a party.

The plaintiffs applied to the *Shelbyville* railroad company for damages occasioned by the road of the company running through their land. Appraisers were appointed, who awarded the plaintiffs 100 dollars. The

plaintiffs moved the Circuit Court to grant them an appeal, on affidavit filed stating that the applicants were not notified of the award until about six months after it was made, and had they been notified they would have taken an appeal within 30 days. *Held*, that these facts did not authorize the Circuit Court to grant the appeal.

Ordinarily appeals must be taken from judgments of justices within 30 days, but the Circuit Court may authorize the taking of an appeal after the expiration of that period, if it be made to appear by affidavit that the party wishing to appeal was prevented from taking it within that time by unavoidable circumstances, or the improper conduct of the appellee or of the justice, and that he has merits in such appeal.

*May Term,*
*1851.*

—

PRUITT
v.
THE SHELBY-
VILLE LATERAL
BRANCH RAIL-
ROAD COM-
PANY.

ERROR to the *Shelby* Circuit Court.

SMITH, J.—The plaintiffs in error applied to the *Shelbyville* railroad company for damages occasioned by the road of the company running through their land. Appraisers to assess the damages were appointed who awarded the plaintiff 100 dollars. This award was made and filed in the office of the railroad company on the 2d of *February*, 1848.

*Thursday,*
*May 29.*

Upon the 22d of *February*, 1849, the plaintiff moved the Circuit Court to grant them an appeal from the award of the appraisers. Their motion was founded on an affidavit made by their counsel. The affidavit states that the application for damages was filed in *May*, 1847; that sometime in the winter or spring of 1848, the appraisers were appointed by the railroad company; that the affiant, who was the attorney of the applicants, was not notified of the award until *September*, 1848; that he believes the applicants were not previously notified; that the complainants are aggrieved, &c; that an appeal would have been taken within 30 days if the applicants had been notified; and that the applicants desire an appeal for the furtherance of justice, &c.

The appeal was granted in the first instance, but was afterwards dismissed on the ground that the Circuit Court had no authority to grant it.

The statute of 1836 prescribing the mode by which damages shall be obtained in such cases, makes the award of the appraisers final, unless an appeal is taken by either party within 30 days after the award is made; and it is

further provided by that statute that when such appeal is taken it shall be governed by the same rules and regulations as appeals from judgments of justices of the peace, except that no bond shall be required of the state when a party.

In ordinary cases appeals must be taken from judgments of justices of the peace within 30 days, but by a provision in chapter 47, s. 178, R. S., the Circuit Court may authorize the taking of an appeal after the expiration of 30 days, if it is made to appear by affidavit that the party wishing the appeal was prevented from taking it within 30 days by *unavoidable circumstances*, or by *the improper conduct of the appellee or of the justice*, and *that he has merits* in such appeal.

It is contended by the defendant in error that this statute is not applicable to appeals from the awards given by appraisers under the act of 1836, but we do not deem it necessary to decide whether it is or not, as it seems quite clear there was not enough stated in the affidavit to authorize the taking of an appeal under that statute. The affidavit alleges no improper conduct of the appraisers or of the railroad company, and it states no unavoidable circumstances by which the plaintiffs were prevented from appealing within the limited time.

*Per Curiam.*—The judgment is affirmed with costs.

*F. M. Finch*, for the plaintiffs.

*R. L. Walpole* and *W. Quarles*, for the defendants.